**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
HINDMAN LLC,

                        Plaintiff,                        **22-mc-314 (GHW) (VF)**

            -against-                              **ORDER**

HARRY MIHALY, HARRY EHRENREICH, and
YACOV EHRENREICH,

                        Defendants.
------------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge.**

On October 15, 2021, Plaintiff Hindman LLC ("Hindman") obtained a default judgment from the United States District Court for the Northern District of Illinois, Eastern Division, against Defendant Harry Ehrenreich ("Ehrenreich") in the amount of $6,350.70 for reasonable attorneys' fees and costs, plus post-judgment interest and costs. ECF No. 1 at 3. On November 7, 2022, Hindman registered the judgment in this Court pursuant to 28 U.S.C. § 1963, which provides that "[a] judgment so registered shall have the same effect as the judgment of the district court of the district where registered and may be enforced in a like manner." See ECF No. 1.

Hindman now moves to compel Ehrenreich to provide all demanded post-judgment discovery and pay Hindman's attorneys' fees and costs incurred in pursing Ehrenreich's compliance. See ECF No. 7 ("Hindman Mem."); ECF No. 6. For the reasons set forth below, Hindman's motion to compel is granted. However, the Court will not, award attorneys' fees or costs without first giving Ehrenreich an opportunity to be heard.

## BACKGROUND

Federal Rule of Civil Procedure 69(a)(2) provides that, "[i]n aid of [a] judgment or execution, the judgment creditor . . . may obtain discovery from any person—including the judgment debtor—as provided" elsewhere in the Rules or "by the procedure of the state where the court is located." Pursuant to that Rule, on November 30, 2022, shortly after it had registered the judgment in this District, Hindman served an information subpoena and a subpoena duces tecum on Ehrenreich. See ECF No. 6 ("Yudin Decl.") ¶ 6; see also ECF Nos. 6-3, 6-4, 6-5. Shortly after receipt of the subpoenas, Ehrenreich called and emailed Hindman's counsel requesting additional time to comply due to "alleged medical issues." Yudin Decl. ¶ 11; see ECF Nos. 6-6, 6-7. Ehrenreich's son also made a similar request. Yudin Decl. ¶ 11; see ECF Nos. 6-6, 6-7. Ehrenreich did not object to the scope of the subpoenas. Yudin Decl. ¶ 11; see ECF Nos. 6-6, 6-7. Hindman's counsel accommodated Ehrenreich and, more than once, adjourned his deposition and gave him further time to comply with the subpoenas—the final adjournments for which were for dates in April 2023. Yudin Decl. ¶ 13; see ECF Nos. 6-6, 6-7.

In late January 2023, Hindman's counsel received a phone call from an attorney with the Levenson Law Group on Ehrenreich's behalf, asking for additional time for Ehrenreich to comply with the subpoenas. Yudin Decl. ¶ 14. Hindman's counsel sent an e-mail to Ehrenreich on February 1, 2023, asking whether the Levenson Law Group represented him in the matter, but received no response. Yudin Decl. ¶ 14; see ECF No. 6-6. Hindman's counsel never again heard from Ehrenreich, his son, or the Levenson Law Group. Yudin Decl. ¶ 15. On April 24, 2023, Hindman's counsel emailed both Ehrenreich and the Levenson Law Group stating that Hindman would take appropriate measures to ensure compliance with the subpoenas. Id. ¶ 17; see ECF No. 6-7. Hindman's counsel received no response to the email. Yudin Decl. ¶ 17.

On July 28, 2023, Hindman moved to compel the discovery at issue. See ECF No. 4. According to Hindman, "Ehrenreich has not complied with the subpoenas in any respect" and "has provided no answers to the Information Subpoena, produced no documents requested in the Subpoena Duces Tecum, and has not appeared for deposition." Yudin Decl. ¶ 18. Hindman therefore asks the Court to compel Ehrenreich to comply with the post-judgment information subpoena and post-judgment subpoena duces tecum, and to grant Hindman the costs, including reasonable attorneys' fees, incurred in having to pursue the motion to compel. See ECF No. 4.

On October 24, 2023, the Court held a conference to discuss Hindman's motion to compel. See ECF No. 11. Hindman's counsel and Ehrenreich appeared at the conference. See id. At the conference, Ehrenreich told the Court that he gave information and documents, in response to the subpoenas, to a lawyer from the Levenson Law Group called Issac Stern. See id. at 13-14. After the conference, Hindman's counsel attempted to contact Issac Stern using the telephone number and email addressed Ehrenreich had provided during the conference. See ECF No. 10 at 1. Hindman's counsel was unsuccessful. See id. To date, Hindman has not received any information or documents in response to the subpoenas served on Ehrenreich—either from Ehrenreich or an attorney representing Ehrenreich. See id.

## LEGAL STANDARD

### A. Motion to Compel

"Discovery of a judgment debtor's assets is conducted routinely under the Federal Rules of Civil Procedure." First City, Tex.-Houston, N.A. v. Rafidain Bank, 281 F.3d 48, 54 (2d Cir. 2002). Under Rule 37(a), a judgment creditor may move to compel the debtor's compliance with post-judgment discovery requests. See, e.g., Star Fabrics, Inc. v. Gogo Apparel, Inc., No. 19-MC-144 (JMF), 2019 WL 3302610, at *1 (S.D.N.Y. July 23, 2019); Exp.-Imp. Bank of Republic

3

of China v. Democratic Republic of Congo, No. 16-CV-4480 (DAB), 2018 WL 10601809, at *2 (S.D.N.Y. Aug. 29, 2018). The motion must include a certification that the movant "has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Such motions may be granted against parties who defaulted in the underlying action. See Exp.-Imp. Bank of Republic of China, 2018 WL 10601809, at *2. The judgment creditor "must be given the freedom to make a broad inquiry to discover hidden or concealed assets of the judgment debtor." GMA Accessories, Inc. v. Elec. Wonderland, Inc., No. 07-CV-3219 (PKC) (DF), 2012 WL 1933558, at *4 (S.D.N.Y. May 22, 2012) (quoting Costomar Shipping Co. v. Kim-Sail, Ltd., No. 95-CV-3349 (KTD), 1995 WL 736907, at *3 (S.D.N.Y. Dec. 12, 1995)).

**B.  Attorneys' Fees**

Rule 37 provides for fee awards. Under Rule 37(a)(5)(A), "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."

## DISCUSSION

Hindman has demonstrated that it is entitled to an order to compel the discovery it seeks from Ehrenreich. It has represented that it has communicated with Ehrenreich, his son, and the Levenson Law Group, who appears to have represented Ehrenreich at some point, about the discovery obligations. The communications to Ehrenreich were "good faith attempts to secure information and material from Ehrenreich without court action." Yudin Dec. ¶ 16. The requests squarely relate to Hindman's efforts to collect documents and information from Ehrenreich.

Because the motion both meets Rule 37's procedural requirements and requests information within the scope envisioned by post-judgment discovery, the motion to compel is granted.

Ehrenreich is directed to respond to the subpoenas within three weeks of this order and to appear at a deposition, which is to be scheduled by Hindman with at least two weeks' notice. Because Hindman's motion to compel has been granted, Hindman is further entitled to an award of attorneys' fees, following Ehrenreich's opportunity to be heard on that issue. Hindman has not submitted an affidavit or declaration setting forth the amount of attorneys' fees or costs it reasonably incurred in filing the instant motion. Any such supporting declaration or affidavit is to be submitted by **Wednesday, November 29, 2023**. Ehrenreich is directed to submit his response to that declaration or affidavit, if any, by **Wednesday, December 13, 2023**.

Hindman is directed to serve a copy of this order on Ehrenreich and file an affidavit of service promptly thereafter on the docket of this case.

**SO ORDERED.**

DATED:   New York, New York
         November 15, 2023

_____
VALERIE FIGUEREDO
United States Magistrate Judge